

| | |
|---|---|
| ANTONIO ROSELLO, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO.: CV213-105 |
| WARDEN, FCI Jesup, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Antonio Rosello ("Rosello"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Rosello filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Rosello was convicted, after a jury trial, in the Southern District of Florida of: conspiracy to commit an armored car robbery, in violation of 18 U.S.C. § 1951; armored car robbery, in violation of 18 U.S.C. § 1951; conspiracy to carry a firearm during a crime of violence, in violation of 18 U.S.C. § 924(a); using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(a); and two (2) counts of money laundering, in violation of 18 U.S.C. § 1956. Rosello was sentenced to 45 years' imprisonment: 20 years' imprisonment for the § 1951 convictions, to run consecutively to each other; 20

years' imprisonment for the money laundering convictions and the § 924 conspiracy conviction, to be served concurrently with his two (2) 20-year terms; and five (5) years' imprisonment for his conviction for using a firearm during a crime of violence, to run consecutively. (Doc. No. 5, pp. 1–2; Doc. No. 5-1, pp. 3–5). Rosella filed a direct appeal. The Eleventh Circuit Court of Appeals affirmed his convictions and sentences, concluding that Rosello's sentences were within the statutory maximum for the crimes for which he was convicted. (Doc. No. 5-3).

Rosello filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. In that motion, Rosello asserted that his counsel was ineffective for many reasons, including failing to object to Rosello's two (2) 20-year consecutive sentences. Rosello also asserted that the enhancements to his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because these enhancements were not pleaded in the indictment or proved beyond a reasonable doubt. Rosello further asserted that the trial court erred by failing to instruct the jury as to the specific characteristics used to enhance his sentences. (Doc. No. 1, p. 4; Doc. No. 5-8, p. 2).

In this petition, Rosello contends that the application of the then-mandatory United States Sentencing Guidelines resulted in a sentence in excess of the statutory maximum. Rosello alleges that § 1951(a) did not provide for the imposition of consecutive sentences in excess of 20 years. Rosello also alleges that, to the extent the district court had the discretion to impose consecutive sentences, this discretion was superseded by the Sentencing Reform Act of 1984. Respondent avers that Rosello fails to meet the savings clause of 28 U.S.C. § 2255(e), and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Rosello's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Rosello states that section 2255 is inadequate or ineffective to challenge the legality of his detention because he has already filed a section 2255 motion, and he is barred by section 2255(h) from filing a second or successive § 2255 motion. Rosello contends that claims such as his—that the trial court imposed a sentence in excess of the statutory maximum—qualify for relief pursuant to section 2241.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Rosello has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Rosello shown that his claims were foreclosed on a previous occasion. In other words, Rosello has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Rosello has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

To the extent Rosello attempts to use Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), he is not entitled to his requested relief. Section 2255(h) of Title 28 provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition.[1]

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Rosello has not met the Wofford test. In addition, to the extent that Rosello attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of his claims, Rosello's argument is foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009).

In Kelley, a § 2241 petitioner appealed the dismissal of his petition, in which he asserted that he was actually innocent of the crime for which he was convicted and argued that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court also explained that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]" Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that, because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

AO 72A
(Rev. 8/82)

petitioner in Kelley, Rosello has not met the Wofford test; therefore, Rosello cannot bring his claim pursuant to § 2241. This Court's decision to not render a determination on the merits of Rosello's actual innocence claim (to the extent Rosello makes such a claim) will not result in a miscarriage of justice.

In Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332 (11th Cir. 2013), the Eleventh Circuit once again stated that a petitioner seeking to use section 2241 as a replacement for a section 2255 motion must meet the savings clause of section 2255(e). The petitioner in Williams challenged his armed career criminal sentence because he asserted that his predicate convictions were not violent felonies. Williams cited Begay v. United States, 553 U.S. 137 (2008), in support of his position. The Eleventh Circuit determined that, "[a]t the time of Williams's direct appeal and first [28 U.S.C.] § 2255 motion, there was no circuit precedent that foreclosed him from raising the claim that his burglary convictions should not count as violent felonies[.]" Williams, 713 F.3d at 1334. The Eleventh Circuit also determined that, considering Williams' circumstances, "his direct appeal and first collateral attack were not inadequate or ineffective to test the legality of his detention, and the savings clause [of 28 U.S.C. § 2255(e)] does not apply." Id. The Eleventh Circuit concluded "that the district court lacked subject-matter jurisdiction to entertain Williams's § 2241 petition[.]" Id. In so doing, the Eleventh Circuit stated that, for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343 (citing Wofford, 177

AO 72A
(Rev. 8/82)

F.3d at 1244). Rosello has not shown that there is a retroactively applicable Supreme Court decision allowing this Court to entertain his claims or that he was foreclosed on a previous occasion from making the same claims as he does in this petition.[2]

Rosello cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Rosello is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Rosello's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] On direct appeal, the Eleventh Circuit advised Rosello that any Apprendi claims Rosello may have raised would be foreclosed because Rosello's sentence was within the statutory maximum for the crimes for which he was convicted. (Doc. No. 5-3, p. 14 n.1).

AO 72A
(Rev. 8/82)