**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

ANTONIO ROSELLO,              :

          Petitioner,    :

vs.                       :     C" "'. ACTION NO.: CV213-105

WARDEN, FCI Jesup,       :

          Respondent.   :

## O R D E R

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Antonio Rosello ("Rosello") filed Objections, as supplemented. In his Objections, Rosello contends that the Magistrate Judge's reliance on Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), is misplaced in light of Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under section 2255 is "inadequate or

ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden,

FCI Marianna, No. 13-13045, 2014 WL 803040, at *2 (11th Cir. Mar. 3, 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that

AO 72A
(Rev. 8/82)

squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), to which Rosello cites in his supplemental pleading, the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

(1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent . . . had squarely foreclosed [his] claim . . . (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay[v. United States, 553 U.S. 137 (2008),] as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] claim; [and] (3) the new rule announced in Begay applies retroactively on collateral review[.]

Id. at 1274.

While the Eleventh Circuit has retreated from the three-prong test of Wofford, the principles of that test are no less applicable based on Williams, as noted. Rosello does not meet the savings clause under § 2255 and cannot proceed with his claims pursuant to section 2241.

Rosello's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court.

Respondent's Motion to Dismiss is **GRANTED**. Rosello's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ____ day of _____, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)